RECEIVED
USDC CLERK, CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

2006 JAN 20 A 10: 42

Mary M. Judge,                    )    C. A. No. 2:05-1799-TLW-RSC
                                  )
                Plaintiff,        )
                                  )
        -versus-                  )    **REPORT AND RECOMMENDATION**
                                  )
Jo Anne Barnhart, Commissioner)
of Social Security,               )
                                  )
                Defendant.        )

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The plaintiff, Mary M. Judge, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for disability insurance benefits on June 23, 2003, alleging that she became unable to work on November 6, 2002, due to degenerative disc disease, carpal tunnel syndrome, and obesity. The plaintiff later amended her alleged onset of disability to March 18, 2003. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff filed a request for a hearing on February 17, 2004. Thereafter, on September 7, 2004, the administrative law judge before whom the plaintiff

appeared with counsel, and vocational expert, Dr. Arthur Schmitt, considered the case de novo, and on November 10, 2004, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended. The administrative law judge's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on June 3, 2005.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant's degenerative disc disease, carpal tunnel syndrome, and obesity are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. The claimant retains the residual functional capacity to perform a significant range of sedentary work as described above.
>
> 7. The claimant is unable to perform any of her past relevant work (20 CFR § 404.1565).

2

>    8.   The claimant is a "younger individual" (20
>    CFR § 404.1563).
>
>    9.   The claimant has a "high school (or high
>    school equivalent) education" (20 CFR § 404.1564).
>
>    10.  The claimant has no transferable skills from
>    any past relevant work and/or transferability of
>    skills is not an issue in this case (20 CFR §
>    404.1568).
>
>    11.  The claimant has the residual functional
>    capacity to perform a significant range of
>    sedentary work (20 CFR § 404.1567).
>
>    12.  Although the claimant's exertional
>    limitations do not allow her to perform the full
>    range of sedentary work, using Medical-Vocational
>    Rule 201.21 as a framework for decision-making,
>    there are a significant number of jobs in the
>    national economy that she could perform. Examples
>    of such jobs include work as a surveillance system
>    monitor and a telephone quotation clerk.
>
>    13.  The claimant was not under a "disability," as
>    defined in the Social Security Act, at any time
>    through the date of this decision (20 CFR §
>    404.1520(g)).

Tr. 25-26.

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

>    the inability to engage in any substantial gainful
>    activity by reason of any medically determinable
>    physical or mental impairment which can expected
>    to result in death or which has lasted or can be
>    expected to last for at least 12 continuous
>    months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

## **DISCUSSION**

By brief, the plaintiff argued the following questions:

> 1. Whether the administrative law judge's finding the plaintiff's testimony was "not totally credible" is supported by substantial evidence?
>
> 2. Whether the decision of the administrative law judge is affected by an error of law because he failed to follow the requirements of SSR 96-7p in evaluating the plaintiff's complaints of pain and other symptoms?
>
> 3. Whether the administrative law judge's finding the plaintiff retains the residual functional capacity (RFC) to perform a significant range of sedentary work activity is supported by substantial evidence?
>
> 4. Whether the decision of the administrative law judge is affected by an error of law because he failed to follow the requirements of SSR 96-8p in assessing the plaintiff's residual functional capacity?
>
> 5. Whether the administrative law judge's findings the plaintiff retains the residual functional capacity to perform the jobs of a surveillance system monitor and telephone quotation clerk was improperly based upon the responses of a vocational expert to a hypothetical question which did not accurately reflect the plaintiff's RFC?

At oral argument before the undersigned on January 10, 2006, it became apparent that the outcome of this matter turned on whether the administrative law judge's credibility assessment of the plaintiff's testimony at the hearing is supported by substantial evidence and whether correct legal standards were applied.

5

## CREDIBILITY DETERMINATION

The administrative law judge could not reject plaintiff's application without first considering plaintiff's subjective complaints. "[O]nce the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." Carradine v. Barnhart, 360 F.3d 751, 753 (7th Cir. 2004)(quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996)). Rather, the administrative law judge must proceed to evaluate the "intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." SSR 96-7p. "The absence of objective medical evidence is just one factor to be considered along with: (a) the claimant's daily activities; (b) the location, duration, frequency and intensity of pain; (c) precipitating and aggravating factors; (d) type, dosage, effectiveness and side effects of medication; (e) treatment other than medication; (f) any measures the claimant has used to relieve the pain or other symptoms; and (g) functional limitations and restrictions." Knight v. Chater, 55 F.3d 309, 314 (7th Cir. 1995); see also, SSR 96-7p; 20 C.F.R. § 404.1529(c). An administrative law judge's evaluation of a claimant's credibility must contain "specific reasons" and "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the

6

individual's statements and the reasons for that weight." SSR 96-7p.

## DISCUSSION

A review of the record and relevant case law reveals that this matter requires reversal of the Commissioner's decision and remand to the Commissioner so that a credibility assessment which complies with SSR 96-7p can be performed and the sequential evaluation process continued.

The administrative law judge began his discussion of the plaintiff's credibility by noting that the plaintiff reported to the Social Security Administration that she had problems sleeping. (Tr. 20). The administrative law judge then wrote, "[h]owever, she admitted that she was able to live alone." (Tr. 20). The administrative law judge did not explain how having problems sleeping was contradicted by the plaintiff's ability to live alone.

The administrative law judge continued that the plaintiff was able to attend church, sing in the choir, and visit with friends and family while the plaintiff's statements to the Social Security Administration and her testimony that she had missed the last three (3) Sundays of church before the hearing, that she used to sing in the choir but now could sing only one (1) song if she is feeling well enough to attend church, and that the only people she "sometimes" visits are her mother who lives next door or her daughter who lives four (4) miles away. (Tr. 103 - 106).

The administrative law judge next wrote that the plaintiff's allegations have been inconsistent with the medical evidence, her

7

reports to her physicians, and the treatment she sought and received. (Tr. 21).

In the case at bar, the administrative law judge concluded that the plaintiff's reports to her physicians failed to rise to the severity of those she testified to at the hearing. (Tr. 21). In support of this statement, the administrative law judge stated that the plaintiff denied any side effects from her medications to her physicians, but testified that her Oxycotin, Xanax, and Neurontin pain medications make her sleepy and sometimes caused her to forget things. (Tr. 257-258). Similarly, the administrative law judge wrote that the plaintiff "apparently failed to ever mention" difficulty sleeping, grip weakness, hand pain, and having to sit in a recliner for six (6) hours a day to her treating physicians. (Tr. 21).

The record simply does not support those conclusions. On February 3, 2003, the plaintiff complained to Dr. Gibbs of right hand, wrist, and arm pain. (Tr. 138, 160). On February 13, 2003, she complained to Dr. Privette of constant paresthesias, arm pain, and decreased grip strength. (Tr. 107- 108). She complained to Dr. Marzluff on February 19, 2003, and March 18, 2003, that her arms cramped when performing fine activities. (Tr. 114, 216). Likewise, on August 19, 2003, Dr. Privette noted a "progression of her right hand symptoms and now has pain at all times and paresthesias." (Tr. 196). She complained to her physical therapist at Trident Health Systems on August 21, 2003, about having problems sleeping, Tr. 172, and to Dr. Schuster on September 2, 2003, that she was experiencing acute, severe, and

8

extremely limiting low back and left side pain. (Tr. 234). Her complaints to Dr. Schuster were reflected in his impairment rating of August 13, 2004, that the plaintiff could only work two (2) to three (3) hours before her neck would require that she "sit and rest." (Tr. 219).

The administrative law judge continued that the plaintiff was "pain free" following her first wrist injection by Dr. Privette, but did not mention the subsequent office note dated August 19, 2003, in which Dr. Privette reported the plaintiff had a "progression of her right hand symptoms and now has pain at all times and parenthesis." The plaintiff testified consistent with Dr. Privette's records that her injections gave her relief for about two (2) weeks but that the pain returns thereafter. (Tr. 265). Indeed, the administrative law judge even noted Dr. Marzluff's comment that the plaintiff's cervical spine MRI was more "impressive" than the plaintiff's complaints in support of his finding that the plaintiff was exaggerating her symptoms. (Tr. 21). However, that MRI showed that the plaintiff had seven (7) ruptured cervical discs. It appears that the exact opposite inference should be drawn.

In short, it does not appear that any of the plaintiff's medical records, her statements to the Social Security Administration, or her testimony, indicates that the plaintiff has not been consistent in her complaints.

9

In addition to the numerous misstatements and over generalizations of the evidence by the administrative law judge, it further appears the administrative law judge did not follow the procedure mandated by SSR 96-7p in evaluating the plaintiff's pain allegations. As discussed supra, SSR 96-7p requires the administrative law judge to evaluate the intensity, persistence, and functionally limiting effects of the plaintiff's symptoms. The administrative law judge must consider the consistency of the plaintiff's statements, her record of treatment, attempts to seek treatment for pain, daily activities, and other evidence of record. See also, 20 C.F.R. § 404.1529, 20 C.F.R. § 416.929. Although the administrative law judge's decision affirmed that he performed the required analysis and considered the nature, location, onset, duration, frequency, radiation, and intensity of the plaintiff's symptoms, including pain, its precipitating and aggravating factors, as well as the type, dosage, effectiveness, and side effects of any medications, such analysis is completely missing from his decision, precluding any meaningful review by the court. As such, it is impossible to conclude the decision is supported by substantial evidence or that correct legal standards were applied. The Commissioner's decision denying benefits is unsupported and unreviewable, and a proper credibility assessment and continuation of the sequential evaluation process is required.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that, pursuant to the power of this court to enter a

judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), the Commissioner's decision be reversed under sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), and the case remanded to the Commissioner for further proceedings consistent with this report and recommendation. See, Melkonyan v. Sullivan, 111 S.Ct. 2157 (1991). The Clerk of Court should enter a separate judgment pursuant to Fed. R. Civ. P. 58.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina,

January 20, 2006